OPINION
{¶ 1} Appellant Judith A. Turckes appeals from her judgment entry of divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Appellee James L. Turckes is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married in 1991. No children were born as issue of the marriage. Appellant Judith is self-employed as a hair stylist. Appellee James is a retired federal marshall who now works for a security company. On April 9, 2002, appellee filed a complaint for divorce, to which appellant subsequently filed an answer and counterclaim. The matter proceeded to a bench trial on November 19, 2002.
 {¶ 3} At trial, the parties stipulated to incompatibility. Financial and asset issues were thereupon litigated, including the issue of appellee's federal pension. The court took the case under advisement, and both parties thereafter submitted proposed findings of fact and conclusions of law. On January 6, 2003, the trial court issued a written decision granting a divorce. The trial court found, inter alia, that appellant "will also receive a portion of the Husband's Federal pension in the approximate amount of $5426 per year." Judgment Entry at 2. Appellee was awarded the marital residence, while appellant was granted spousal support of $800 per month, to terminate upon the death of either party, upon appellant's remarriage, or after three years, whichever would occur first. Appellee was also ordered to pay an equalization award to appellant in the amount of $19,472.50. In regard to the issue of appellee's federal pension, the court ruled as follows:
 {¶ 4} "The husband's pension with the Federal government is in pay-out status. As such, his monthly income from that pension was factored in the Court's determination as to spousal support. That, and the fact that the wife does receive some funds as a benefit of that pension, causes the Court to not factor the pension as a lump sum marital asset but, rather, to provide the Wife access to the marital portion of the pension through the spousal support award." Judgment Entry at 5.
 {¶ 5} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court erred in not equally dividing the marital portion of appellee's pension and by not considering it in dividing the marital assets; alternatively, the trial court erred in fashioning its spousal support award, which was based upon a substantial mathematical inaccuracy.
 {¶ 7} "A. The trial court's failure to either equally divide the marital portion of appellee's pension or consider it as a marital asset resulted in an inequitable division of marital property.
 {¶ 8} B. Alternatively, the trial court erred in fashioning its spousal support award, which was based upon a substantial mathematical inaccuracy and resulted in an overestimation of appellant's income by more than twenty-five percent."
 I. {¶ 9} In her sole Assignment of Error, appellant challenges the court's division of marital property and/or award of spousal support.
 {¶ 10} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
 {¶ 11} R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See alsoCherry, supra, at 355.
 {¶ 12} R.C. 3105.171(F) reads as follows:
 {¶ 13} "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 14} "(1) The duration of the marriage;
 {¶ 15} "(2) The assets and liabilities of the spouses;
 {¶ 16} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 17} "(4) The liquidity of the property to be distributed;
 {¶ 18} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 19} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 20} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 21} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 22} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 23} Appellant first contends the trial court's decision "to not factor the pension as a lump sum marital asset" (Judgment Entry at 5) violates the holding of Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, in which the Ohio Supreme Court stated: "A vested pension plan accumulated during marriage is a marital asset and must be considered in conjunction with other factors listed under R.C. 3105.18 and all other relevant factors in dividing marital assets and liabilities. It is immaterial that, at the time of a divorce, as herein, a spouse has started receiving the benefits in the form of periodic income. The plan nonetheless constitutes marital assets, and the benefits therefrom belong to the marital estate and not to the receiving spouse exclusively." Id. at 132, citation omitted.
 {¶ 24} Upon review, the record indicates the trial court did not further factor the pension in light of its apparent belief that appellant was already receiving a portion of the benefits. We find such a result violated Holcomb, in that the trial court may be able to justify an unequal division of the marital portion of the pension but the value of said marital portion must be ascertainable in the record.
 {¶ 25} Appellant further challenges the spousal support award as based on a mathematical error founded on the court's "belief" as to appellant's pension portion.
 {¶ 26} R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. R.C. 3105.18(C)(1) provides as follows:
 {¶ 27} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 28} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 29} In the case sub judice, the trial court found appellant's self-employment gross annual income to be $21,582, after deduction of business expenses. However, as noted hereinbefore, the trial court then found that appellant would be entitled to a portion of appellee's pension "in the approximate amount of $5426 per year." Judgment Entry at 2. This resulted in an overstatement of appellant's income by slightly more than twenty-five percent. Our review of the record and exhibits corroborates appellant's assertion that no evidence exists to support this "pension portion" finding. For example, Exhibit J states merely that "[w]ife has 401k account and social security benefits." Although the transcript makes reference to an IRA owned by appellant valued at approximately $5400, nothing supports a finding of $5426 per year, or any other amount, as appellant's portion of appellee's federal pension. It is possible this figure was picked up from appellant's proposed findings of fact and conclusions of law; however, we are persuaded that such a proposal was not meant to convey that appellant was actually receiving this sum in the present tense.
 {¶ 30} In Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649, we addressed a trial court's overstatement of an appellant's income by sixteen percent more than appellant's actual earnings. We concluded as follows: "We believe this mathematical miscalculation is of sufficient size to merit reversal of the trial court's award of spousal support. That is not to say we would find the trial court abused its discretion in setting the spousal support as it did, had it not made the mathematical error. Nevertheless, we find fundamental fairness mandates a reversal and remand to the trial court to redetermine its spousal support award after adjustment for the corrected income figure for appellant." Id. at { ¶ 29}.
 {¶ 31} An abuse of discretion may be shown where a substantial error occurs due to a mathematical miscalculation in the dynamics of setting spousal support. See Gockstetter v. Gockstetter (June 23, 2000), Erie App. No. E-98-078. Accordingly, while we refrain from setting forth a bright-line rule, we hold a reversal is warranted under the facts and circumstances of this case, as to the issue of spousal support.
 {¶ 32} Appellant's sole Assignment of Error is therefore sustained.
 {¶ 33} For the reasons stated in the foregoing opinion, the judgment of the County Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. and Edwards, J., concur.
Hoffman, P.J., concurs separately.