REVEAL, Appellee,

v.

REVEAL, Appellant.

[Cite as *Reveal v. Reveal,* 154 Ohio App.3d 758, 2003-Ohio-5335.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19812.

Decided Oct. 3, 2003.

F. Ann Crossman, for appellee.

Timothy N. Tye, for appellant.

BROGAN, Judge.

{¶ 1} Danny L. Reveal, M.D., appeals from the trial court's refusal to reduce the spousal support he was ordered to pay his former wife, Lynn, back in 1987 when the Reveals were divorced.

{¶ 2} The Reveals were married in 1961 and had four children. In the final divorce decree, the court ordered Danny to pay Lynn $72,000 a year in "alimony" payable at $6,000 per month until Lynn died or remarried. The court retained jurisdiction to review the alimony award. Danny was ordered to assign Lynn $318,000 out of his interest in a certain profit-sharing plan in accordance with a stipulated qualified domestic relations order.

{¶ 3} Danny remarried in 1988 and has two children from that marriage, ages 13 and 11.

{¶ 4} In March 2002, Danny moved to modify the spousal support (previously "alimony") award, contending that there had been material changes in his circumstances since the divorce. At the hearing, Danny testified that the income from his surgical practice was anticipated to drop from $315,000 in 2001 to approximately $215,000 in 2002. He explained that reimbursements from insurance carriers and Medicare had decreased substantially. He testified that he presently had approximately $200,000 in two separate retirement accounts.

{¶ 5} On cross-examination, Dr. Reveal admitted that his medical corporation provides him a leased car valued at $400 a month and pays for his family's health

insurance in the amount of $1,000 a month. In addition, Dr. Reveal indicated that he usually receives an annual bonus payment of $10,000 towards his 401(K) plan.

{¶ 6} Lynn Reveal testified that she was 60 years of age and that she had not remarried since the divorce. She said that she lives alone on her spousal support. Although she earned two associates degrees over the years, she said that she was presently unemployed. She acknowledged that her retirement account had a value as of May 2002 of $792,410 with income of $5,800 annually.

{¶ 7} In denying Dr. Reveal's motion to modify his spousal support obligation, the magistrate made the following findings:

{¶ 8} "At the time of the parties' divorce, Dr. Reveal filed an affidavit indicating that his annual income was $296,000. The court finds that defendant has failed to demonstrate that a substantial change in circumstances has occurred since the initial determination of spousal support in this matter. In the tax year 2001, Dr. Reveal had annual income of $315,000. For the tax year 2002, Dr. Reveal's own employee information indicates that his income could be anywhere from $250,000 to $300,000. The court finds that there has been no substantial change in Dr. Reveal's income since the initial award for spousal support. Dr. Reveal also argues that as a result of his becoming remarried and having two minor children in his household, this would justify a decrease in his spousal support obligation. The court does not find this argument to be persuasive. Dr. Reveal cannot voluntarily enter into another relationship and incur additional expenses that could result in a reduction in his spousal support obligation. Additionally, Dr. Reveal did not demonstrate that the responsibilities of his new family affect his ability to pay the spousal support in any fashion.

{¶ 9} "Additionally, the court has considered that the plaintiff is 60 years old and very unlikely to ever be able to obtain gainful employment. Although plaintiff's IRA account has increased substantially since the parties' divorce, that in and of itself does not constitute a substantial change in circumstances that would warrant a decrease in spousal support. Although defendant requested that the court take judicial notice of the interest rate on U.S. Treasury Notes, no evidence was submitted demonstrating that plaintiff was realizing any income from her investments."

{¶ 10} In overruling Dr. Reveal's objection to the magistrate's report, the trial court noted that although Lynn Reveal's IRA accounts have increased since the divorce, the increase would have been contemplated at the time of the divorce. The court noted that Mrs. Reveal had monthly living expenses of $5,489.07 and Dr. Reveal had expenses totaling $4,650. The court concluded that Dr. Reveal had failed to demonstrate that there was a substantial change in his circumstances from the initial award in 1987.

{¶ 11} Dr. Reveal argues that the trial court abused its discretion in denying his modification motion because Mrs. Reveal's retirement account grew by approximately 250 percent from 1987 to the present. Dr. Reveal argues that this fact amounts to a substantial change in circumstances justifying the modification of his spousal support obligation to Mrs. Reveal.

{¶ 12} R.C. 3105.18(E) provides that the court that entered the divorce decree does not have jurisdiction to modify the amount of alimony or spousal support unless the court determines that the circumstances of either party have changed. R.C. 3105.18(F) provides that a change of circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.

{¶ 13} R.C. 3105.18(C)(1) provides that in determining whether spousal support is appropriate and reasonable and in determining its amount and "duration" the court shall consider, inter alia, the retirement benefits of the parties.

{¶ 14} The circumstances that a court must find have changed to support modification of a spousal support order are those set out at R.C. 3105.18(C)(1)(a) through (n) as they pertain to either party. To satisfy that test, "the change must be one that is substantial and not contemplated at the time of the prior order." *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 706, 676 N.E.2d 1249. The burden of showing that a reduction of spousal support is warranted is on the party who seeks the reduction. *Haninger v. Haninger* (1982), 8 Ohio App.3d 286, 8 OBR 380, 456 N.E.2d 1228. Ordinarily, a motion to modify sustenance support payments invokes the discretionary authority of the trial court. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. And, in the usual case, the order of the trial court allowing or disallowing a change in spousal support will not be disturbed in the absence of a showing of an abuse of discretion. See *McCoy v. McCoy* (1995), 105 Ohio App.3d 651, 664 N.E.2d 1012; *Bauer v. Bauer* (Apr. 15, 1982), Montgomery App. No. 7596, 1982 WL 3719.

{¶ 15} In *Edmondson v. Edmondson* (Nov. 29, 1996), Montgomery App. No. 15813, 1996 WL 685783, this court upheld a trial court's refusal to modify a spousal-support order wherein a husband agreed to pay his former spouse $1,250 a month until she died or remarried. Judge Kerns noted in that court's opinion:

{¶ 16} "Here, the undisputed evidence discloses, among other things, that Ronald Edmonson harbored an abiding intention to retire before he made his spousal support agreement, and nothing appears in the evidence to suggest that Mrs. Edmonson or her husband agreed or anticipated that voluntary retirement would terminate or suspend her support payments prior to death or remarriage.

{¶ 17} "* * *

{¶ 18} "As argued by the appellant, this court has held that a reduction in income due to voluntary retirement is literally a change of circumstances. *Lewis v. Lewis* (May 26, 1987), Clark App. No. 2264, unreported [1987 WL 11818]; *Melhorn v. Melhorn* (January 30, 1989), Montgomery App. No. 11139, unreported [1989 WL 8452]. But the court also recognized in those cases that retirement alone is not necessarily a change as between the parties which might justify the termination or suspension of support. And the record in the instant case, as a whole, under all of the circumstances, fails to reveal any semblance of an abuse of discretion. Accordingly, the third assignment of error is overruled."

{¶ 19} Dr. Reveal certainly knew that Lynn Reveal would be eligible to receive her retirement at age 59½ and yet he agreed to pay her alimony until her death or remarriage. He could have stipulated that the alimony was subject to reduction upon Lynn's receiving retirement benefits, but he did not. It is also not clear that Mrs. Reveal would have agreed to such a stipulation. We see no abuse of discretion present in the trial court's refusal to find that there was no substantial change of circumstances not contemplated by the parties. The rise in value of Mrs. Reveal's retirement account since 1987 was not remarkable either. The assignment of error is overruled.

{¶ 20} The judgment of the trial court is affirmed.

Judgment affirmed.

FREDERICK N. YOUNG, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

{¶ 21} I respectfully dissent from the majority's decision and would instead hold that the domestic relations court abused its discretion when it failed to find on the record before it that a substantial change of circumstance occurred that warrants a modification of spousal support pursuant to R.C. 3105.18(E).

{¶ 22} We said in *Joseph v. Joseph* (1997), 122 Ohio App.3d 734, 702 N.E.2d 949, which involved facts similar to those here, that the circumstances concerning which a substantial change must be shown in order to warrant a modification of a prior spousal support order are the factors or "circumstances" set out in R.C. 3105.18(C)(1)(a) through (n), which that section directs the court to consider when it orders spousal support. We held in *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249, that any such change must be substantial and one that was not contemplated by the court when it entered its prior spousal support order.

{¶ 23} Absent a statement by the domestic relations court when it orders spousal support that it considered some future change, whether the court then considered a change that subsequently occurs must be determined inferentially, by the effect of the change on the court's earlier determination that spousal support is needed and warranted. That determination of need is necessarily co-extensive with the court's decision to order reasonable spousal support pursuant to R.C. 3105.18(B). *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 450 N.E.2d 1140, citing *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413.

{¶ 24} When the domestic relations court ordered Danny Reveal to pay spousal support in the amount of $72,000 per year beginning in 1987, Lynn Reveal had no income of her own to meet her needs. She had been awarded a share of Danny Reveal's interest in a qualified retirement plan valued at $308,750 as her share of the marital property. However, she could not be expected to exhaust that asset, and by the terms of the QDRO dividing the property, Lynn Reveal could not commence receiving income benefits under the plan until Danny Reveal retired or Lynn Reveal reached a designated retirement age. (Stipulated Qualified Domestic Relations Order, June 6, 1988.)

{¶ 25} Lynn Reveal has now reached an age at which she may begin receiving income benefits from the plan. The value of her share has increased to $797,981. Income available to her from that sum, without any diminution of principal, would probably be in excess of $30,000 per year. However, she draws only a nominal amount of income from the plan and apparently intends to allow the income now available to her to accumulate into principal, depending instead on the $72,000 she receives each year from Danny Reveal for her needs.

{¶ 26} The circumstance that has changed since the domestic relations court ordered spousal support in 1987 is not the passive increase in the value of Lynn Reveal's retirement account. The change is that Lynn Reveal now has an income available to her from that account that she did not have in 1987, which made an award of spousal support in the amount of $72,000 annually reasonable to meet her needs at the time. When a spousal support obligee who was unemployed when spousal support was ordered subsequently obtains employment, the income the employment generates for the obligee may be a change of circumstances for purposes of modification of spousal support. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. There is no difference with respect to a new income that's generated by capital assets the obligee owns. The majority finds a distinction here, because the capital asset was awarded to Lynn Reveal on her share of marital property.

{¶ 27} R.C. 3105.18(C)(1)(a) directs a court that orders spousal support to consider "[t]he income of the parties, from all sources, including, but not limited

to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." The court is required to look to the same consideration in an R.C. 3105.18(E) motion to modify. *Joseph v. Joseph,* 122 Ohio App.3d 734, 702 N.E.2d 949. Therefore, the court cannot now reject the relief Danny Reveal sought on a finding that the income now available to Lynn Reveal does not constitute a change of circumstances because it is derived from a share of marital property awarded to her pursuant to R.C. 3105.171, the retirement plan.

{¶ 28} R.C. 3105.18(E) is grounded on an understanding that changes occur in people's lives over the course of years. The fact that a later change was possible does not necessarily demonstrate that the court considered its later impact on a recipient's reasonable need for spousal support when spousal support was ordered. Such a narrow interpretation would confine the power conferred by R.C. 3105.18(E) to events which are accidental, fortuitous, or otherwise the product of chance.

{¶ 29} The trial court did not reach the issue of whether the new income available to Lynn Reveal is a "substantial" change, having rejected the claim that it is a change for purposes of Danny Reveal's motion to modify. It is a change, and a substantial change, because it can provide Lynn Reveal an income the amount of which is a substantial portion of the spousal support Danny Reveal was ordered to pay to help Lynn Reveal meet her needs. Whether those needs have changed and whether Danny Reveal should be required to pay some different amount of spousal support to help Lynn Reveal meet them is a matter to be determined after a merit hearing on his motion. Judge Brogan suggests that Danny Reveal, when he agreed to pay spousal support in the amount ordered, could have stipulated that it was subject to reduction when Lynn Reveal receives her retirement benefits, and because he did not do that, he cannot now complain about the domestic relations court's decision to ignore those benefits. Stipulations involve facts, not law, and whether the income now available to Lynn Reveal creates a substantial change of circumstances for purposes of R.C. 3105.18(E) is a question of law, not fact. In any event, both parties agreed to reserve the power to modify to the court, and that broad reservation comfortably encompasses these facts. There was no need to be more particular. Indeed, R.C. 3105.18(E)(1) contemplates a broad authorization, not one contingent on certain events.

{¶ 30} I would reverse and remand.