OPINION
{¶ 1} Steven A. McHenry appeals from the trial court's decision and entry modifying his spousal support obligation to appellee Jeannie M. McHenry.
 {¶ 2} Steven advances five assignments of error on appeal. First, he contends the trial court lacked jurisdiction to extend the term of his spousal support obligation for four years. Second, he claims the trial court erred in increasing the amount of his obligation absent a substantial change of circumstances that was not contemplated at the time of the parties' original divorce decree. Third, he asserts that the trial court erred in increasing the amount of his support obligation "without any basis or justification." Fourth, he contends the trial court erred in finding his spousal support obligation to have been tolled for four years even though he paid the support as required by the divorce decree. Fifth, he claims the trial court erred in increasing his support obligation without providing for the possibility of future reductions or termination upon the occurrence of certain events.
 Factual and Procedural Background {¶ 3} The record reflects that Steven and Jeannie divorced in 1992 following a marriage of approximately twenty-seven years. At the time of the divorce, Steven's annual income was $179,000 and Jeannie's annual income was $6,000. The final judgment and decree of divorce divided the parties' assets, which included the marital residence, automobiles, stock and investment accounts. With regard to spousal support, the divorce decree provided:
 {¶ 4} "Husband shall pay Wife the sum of $3,500 per month (commencing with the period beginning November 15, 1992) for ten years (120 payments); provided, however, that Husband's obligation shall terminate earlier upon the death of either party or Wife's remarriage. Husband's obligations shall be subject to the further and continuing jurisdiction of the Court. * * *"
 {¶ 5} Steven subsequently became ill in 1994 and moved into Jeannie's home while he recovered from surgery. He remained there for approximately a year, and Jeannie helped care for him. Steven and Jeannie then moved into Steven's home and resided together for another three years until June, 1998, when they again began living separately.
 {¶ 6} On February 14, 2002, Jeannie moved to increase the duration and amount of her spousal support, which was to terminate in November, 2002. In support, Jeannie contended that Steven's income had "vastly increased" whereas her income had remained "relatively the same." She also asserted that she remained in need of maintenance and support and requested an eight-year extension of the award. Following a hearing, a magistrate found Steven's spousal support obligation subject to modification as to amount but not duration. Nevertheless, the magistrate concluded that no increase in spousal support was warranted. In reaching this conclusion, the magistrate found that Jeannie's income also had increased, that she had insisted on living "far beyond her means," and that she had made adverse financial decisions for which Steven bore no responsibility.
 {¶ 7} The trial court later vacated the magistrate's decision and sustained Jeannie's motion. In so doing, the trial court held that the divorce decree gave it the authority to modify both the duration and amount of the award. The trial court then found a substantial change in circumstances that justified modification. In particular, it noted that Steven's 2002 employment income exceeded $400,000 whereas Jeannie's employment income had increased to $18,000. The trial court found no decrease in Jeannie's standard of living, however, and noted that she had $376,000 remaining in an investment account after purchasing a condominium and a Mercedes-Benz automobile.
 {¶ 8} After briefly reviewing Jeannie's financial situation, the trial court concluded that a $3,000 per month increase in spousal support would be "reasonable and appropriate" under R.C. § 3105.18. Thus, the trial court ordered such an increase effective February 14, 2002, the date that Jeannie filed her motion. With regard to the duration of the award, the trial court found that "the term of spousal support for ten years is reasonable[.]" As a result, the trial court did not directly extend the ten-year term set forth in the divorce decree. Instead, it stated, without elaboration, that the existing ten-year period "was tolled during the four years that the parties lived as a family from August 1994 until June 1998." Consequently, the trial court ordered Steven to pay increased spousal support of $6,500 per month until November, 2006. This timely appeal followed.
 II. Analysis {¶ 9} In his first assignment of error, Steven contends the trial court lacked jurisdiction to extend the term of his spousal support obligation for four years. He insists that the final judgment and decree of divorce only reserved the trial court's jurisdiction to modify the amount of the award and not the duration. Steven asserts that such an interpretation is consistent with the intent of the parties at the time of their divorce. In response, Jeannie argues that the parties intended for the trial court to have jurisdiction to modify the amount and duration of the spousal support award. In this regard, she notes that the divorce decree reserves jurisdiction generally without limitation as to either the amount or duration of the award. In support of their respective positions, the parties rely on, inter alia, language in the divorce decree requiring Steven to maintain life insurance for ten years, a proposed post-divorce agreement addressing the issue of modification, correspondence from counsel, and conflicting testimony from the evidentiary hearing before the magistrate.
 {¶ 10} Having reviewed the foregoing evidence, we find that it sheds little light on the meaning of the language in the divorce decree. Although the divorce decree required Steven to maintain a decreasing-value life insurance policy for ten years, it does not follow that the trial court necessarily lacked jurisdiction to extend spousal support beyond ten years. On the other hand, the fact that the parties contemplated a 1998 agreement to increase spousal support by $2,000 per month in exchange for a mutual acknowledgment that the trial court would not retain jurisdiction beyond the ten-year term of the award does not prove that the trial court had retained jurisdiction to extend the ten-year term. The proposal reasonably may be viewed as a compromise to resolve uncertainty and to avoid litigation regarding the trial court's retention of jurisdiction rather than an implicit admission by Steven that the trial court had retained jurisdiction to modify the duration of the award.
 {¶ 11} In our view, resolution of Steven's first assignment of error turns on the language of the divorce decree itself. Under R.C. § 3105.18(E)(1), a trial court retains jurisdiction to modify a spousal support award if the decree "contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." The divorce decree in the present case is problematic because it does not follow the language of the statute. It provides that Steven's spousal support "obligations shall be subject to the further and continuing jurisdiction of the Court," but it does not specifically permit modification of the amount or terms of the award. Nevertheless, we have recognized that informal terminology such as "reserving jurisdiction" or making a support order "subject to the further jurisdiction of the court" is sufficient to satisfy R.C. § 3105.18(E)(1). Templeton v. Templeton (Oct. 5, 2001), Montgomery App. No. 18860; Schaefer v. Schaefer (Dec. 13, 1996), Montgomery App. No. 15491 (Young, J., and Wolff, J., concurring separately). In Templeton, we concluded that the trial court could modify the duration or amount of a support award where the divorce decree generally made spousal support subject to the court's "further jurisdiction." Likewise, inSchaefer, a majority of the panel interpreted decree language providing that "[t]he matter of spousal support shall remain under the jurisdiction of this [c]ourt" as implicitly allowing the trial court to modify the duration or amount of a support award. As a result, two panel members found no need for the decree to state explicitly that such power existed.
 {¶ 12} The divorce decree in the present case provides that Steven's spousal support "obligations shall be subject to the further and continuing jurisdiction of the Court." The only such "obligations" mentioned in the decree are the obligation to pay $3,500 per month and the obligation to make the payments for ten years. Notably, the divorce decree does not limit the trial court's continuing jurisdiction to modify either of these obligations. Although strict adherence to the language of R.C. §3105.18(E)(1) is preferable, we believe the language of the divorce decree is sufficient to allow the trial court to modify the amount or the duration of the support award. As a result, we find no merit in Steven's argument that the trial court lacked jurisdiction to extend the term of his spousal support obligation for four years, and we overrule his first assignment of error.[1]
 {¶ 13} In his second assignment of error, Steven claims the trial court erred in increasing the amount of his spousal support obligation absent a substantial change of circumstances that was not contemplated at the time of the parties' original divorce decree. In particular, he argues that any post-divorce change in the value of Jeannie's investment accounts does not constitute an unforseen substantial change in circumstances and that his increased income alone does not justify an increase in his support obligation.
 {¶ 14} Upon review, we find no merit in Steven's second assignment of error. In order to modify a spousal support order, a trial court must find a "change of circumstances." R.C. §3105.18(E). The change must be substantial and one not contemplated at the time of the prior order. Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 706. In Billingham v.Billingham (Feb. 16, 2001), Montgomery App. No. 18403, we recognized that under R.C. § 3105.08(F) an increase in a party's wages may constitute a change of circumstances sufficient to support modification of a spousal support award. In our view, Steven's increased employment income from $179,000 to more than $400,000 constitutes a substantial change of circumstances that was not contemplated at the time of the divorce decree. Cf.Conde v. Conde (Nov. 16, 2001), Montgomery App. No. 18858 (finding that an increase in income from $150,000 to $182,000 was a sufficient change of circumstances that could not have been anticipated at the time of the divorce).
 {¶ 15} With regard to Jeannie's investment accounts, we agree that a change in the value of those accounts does not necessarily constitute an unforseen substantial change of circumstances.Reveal v. Reveal, 154 Ohio App.3d 758, 2003-Ohio-5335. Nevertheless, given that Steven's increased employment income constitutes an unanticipated substantial change of circumstances, no additional change was necessary. Having properly found a change of circumstances under R.C. § 3105.18(E), the trial court had the discretion to modify Steven's support obligation. Consequently, we overrule his second assignment of error.
 {¶ 16} In his third assignment of error, Steven asserts that the trial court erred in increasing the amount of his support obligation "without any basis or justification." In particular, he contends that the trial court erred by denying his request for findings of fact on each of the spousal support factors found in R.C. § 3105.18(C). He also argues that the trial court erred by relying on his increased income to modify his support obligation while ignoring the substantial increase in Jeannie's assets since the divorce.
 {¶ 17} Upon review, we find the foregoing arguments to be unpersuasive. When considering the duration and amount of a spousal support award, a trial court must consider all of the factors set forth in R.C. § 3105.18(C). Although a trial court ordinarily is not required to discuss those factors separately, a party may request findings of fact to support the trial court's decision. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 356. In the context of a motion to modify an existing award, however, we are unpersuaded that such a request compels a trial court to discuss each of the R.C. § 3105.18(C) factors separately. As the Eighth District Court of Appeals recognized in Kucmanic v.Kucmanic (1997), 119 Ohio App.3d 609, 613:
 {¶ 18} "* * * [T]here is no express requirement that the domestic relations court's order granting or denying a motion to modify spousal support reexamine in toto the factors listed in R.C. 3105.18(C)(1). The domestic relations court should set forth the basis for its decision with enough detail to permit proper appellate review. Graham v. Graham (1994), 98 Ohio App.3d 396,399-400, 648 N.E.2d 850, 851-853. As a practical matter, however, a change in circumstance for one spouse as found under R.C.3105.18(F) will not affect, for the most part, the otherwise static factors contained in R.C. 3105.18(C)(1). Consequently, a rehash of findings made in the initial spousal [support] order would not be helpful. For example, new findings stating the length of the parties' marriage, their standard of living during the marriage, or the relative extent of their education would add nothing new to the spousal support determination."
 {¶ 19} In the present case, the only factors discussed by Steven on appeal are the incomes and assets of the parties. The trial court made adequate findings of fact on these issues to facilitate appellate review. Steven fails to explain how he is prejudiced by the absence of explicit findings on the other factors, which do not appear to have changed from the time of the divorce decree. As a result, we find no merit in his argument that the trial court erred by denying his request for additional findings of fact.
 {¶ 20} We also find no merit in Steven's argument that the trial court failed to consider Jeannie's increased assets. In its decision and entry, the trial court explicitly recognized that Jeannie's investment account had increased in value to $376,000, even after her purchase of an automobile and a condominium. Steven's real contention is that the trial court erred in finding an increase in spousal support warranted in light of the increased value of Jeannie's account.
 {¶ 21} We disagree. The trial court enjoys broad discretion when considering whether to modify a spousal support award. The crucial issue is to set a support award that is reasonable and appropriate. "[W]hile need and ability to pay remain important considerations for determining what amount of spousal support is reasonable and appropriate, the term `need' is an elastic concept that differs from case to case, and that encompasses more than just ensuring that the obligee spouse has the basic necessities of food, clothing, and shelter." Billingham v. Billingham (Feb. 16, 2001), Montgomery App. No. 18403. In a strict sense, Jeannie may not "need" any spousal support at all, insofar as she has a moderate income and a sizeable investment account. Nevertheless, applying the more expansive definition of "need" discussed inBillingham, and in light of Steven's more than $400,000 annual salary, we cannot say that the trial court abused its discretion in finding the increase in Jeannie's spousal support to be reasonable and appropriate. Accordingly, we overrule Steven's third assignment of error.
 {¶ 22} In his fourth assignment of error, Steven contends the trial court erred in finding his spousal support obligation to have been tolled for four years even though he paid the support as required by the divorce decree. This argument concerns the trial court's determination that his spousal support obligation was "tolled during the four years that the parties lived as a family from August 1994 until June 1998." Based on this tolling (an issue the trial court appears to have raised sua sponte), the trial court held that Steven's ten-year spousal support obligation would continue for four years beyond the termination date in the divorce decree.
 {¶ 23} Having reviewed the record, we find no evidentiary support for the trial court's holding that Steven's spousal support obligation should be tolled during the period the parties resided together. At the hearing before the magistrate, Jeannie explained that Steven experienced complications from gallbladder surgery in August, 1994. As a result, he moved into her home for approximately one year while she helped care for him. The parties then moved into Steven's home and resided there for another three years before living separately again in 1998.
 {¶ 24} Nothing in the record indicates that Steven sought to terminate or suspend his spousal support obligation during the four years the parties resided together after their divorce. Nor does the record indicate that a spousal support arrearage existed during that time or that Jeannie ever moved to compel payment of delinquent spousal support. On the other hand, the record is devoid of affirmative evidence that Steven did pay his spousal support while the parties lived together. The record simply is silent on the issue.
 {¶ 25} If Steven fulfilled his support obligation during the four-year period, it would be erroneous now, several years after the fact, to declare the obligation to have been tolled and not to credit him for the payments. We believe this is so even though Jeannie took Steven into her home and helped care for him for one year.[2] On the other hand, if some informal agreement existed under which Steven stopped paying spousal support while the parties resided together, then the trial court may have acted within its discretion in deeming his support obligation to have been tolled. On the record before us, however, we cannot resolve this issue. As a result, we will sustain Steven's fourth assignment and remand this cause for the trial court to develop the record on the tolling issue and to explain the basis for its decision.
 {¶ 26} In his fifth assignment of error, Steven claims the trial court erred in increasing his spousal support obligation without providing for the possibility of future reduction or termination upon the occurrence of certain events. In support, Steven notes that the trial court's recent order lacks important provisions found in the divorce decree, including: (1) a provision for termination of his spousal support obligation on the death of either party or on Jeannie's remarriage; (2) a provision for modification of his support obligation if Jeannie cohabits with an unrelated adult male; and (3) a provision making his support obligation subject to the trial court's continuing jurisdiction. Because the trial court's order modifying his spousal support obligation lacks the foregoing language and supersedes the divorce decree, Steven argues that the trial court has eliminated the foregoing provisions sub silento.
 {¶ 27} We disagree. Although the trial court's order modifying Steven's support obligation purports to "supersede" the divorce decree, it plainly cannot replace the divorce decree entirely. Indeed, the divorce decree resolves numerous issues, including some that are not subject to being revisited. A reasonable interpretation of the trial court's support modification order is that it supersedes those aspects of the divorce decree that are addressed in the modification order, namely the amount and termination date of Steven's spousal support obligation. We do not read the modification order as superseding the divorce decree provisions concerning termination or modification of Steven's support obligation in the event of death, remarriage, or cohabitation. The modification order did not address these issues. Finally, we note that the trial court has the ability to modify Steven's support obligation again in the future even though its most recent order did not expressly reserve jurisdiction. In Lapierre v. Lapierre (Sept. 7, 2001), Greene App. No. 2001CA10, we explained that a trial court retains jurisdiction to modify a spousal support award by including the appropriate language in the divorce decree. A trial court need not "retain jurisdiction" again each time it modifies a support obligation as a prerequisite to future modifications. Id. Accordingly, we overrule Steven's fifth assignment of error.
 III. Conclusion {¶ 28} Having sustained Steven's fourth assignment of error, we reverse the trial court's November 5, 2003, decision and judgment entry and remand this cause for further proceedings consistent with this opinion.
 {¶ 29} Judgment reversed and cause remanded.
Wolff, J., and Young, J., concur.
[1] We note, however, that the trial court actually did not extend the term of his spousal support obligation at all. In fact, the trial court expressly stated that the ten-year term was "reasonable" and declined to lengthen it. Instead, the trial court tolled the existing ten-year term for the four years that the parties resided together after their divorce. The propriety of this tolling is the subject of Steven's fourth assignment of error, infra.
[2] If Steven benefitted financially by residing with Jeannie for one year, he returned the favor by allowing her to reside with him for three years. Moreover, we note that the parties' agreement to reside together after their divorce did not negate Steven's spousal support obligation. By the same token, however, we do not believe that Jeannie's voluntary decision to care for Steven entitles her to obtain spousal support a second time if he already has paid it for the four-year period.