{¶ 56} Though I agree with the majority's disposition of the second and third assignments of error, because I am unable to agree with the majority in sustaining the first assignment of error and reversing the trial court on that basis, I respectfully dissent in part.
 {¶ 57} While I concur with the majority's finding that the first two prongs of the change-in-circumstances test are met here, I cannot conclude that the parties did not contemplate appellant's retirement at the time of the prior order. As the majority correctly notes, a change in circumstances justifying modification of a spousal support order must *Page 21 
be material, not brought about purposely by the moving party, and not contemplated at the time of the prior order. Georgenson v.Georgenson, Franklin App. No. 03AP-390, 2003-Ohio-7163, ¶ 11, citingKucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613, 695 N.E.2d 1205.
 {¶ 58} This court has refused to reverse a trial court's finding that there was no change in circumstances where, as here, a marriage of long duration ends with one party nearing retirement age, and the parties' agreed judgment entry specifies certain spousal support-terminating events, none of which involves either party's retirement. For example, in Palmieri v. Palmieri, Franklin App. No. 04AP-1305, 2005-Ohio-4064, discretionary appeal not allowed, 107 Ohio St.3d 1699, 2005-Ohio-6763,840 N.E.2d 204, we affirmed the trial court's refusal to find a change in circumstances on account of the husband's retirement nine years after the parties' agreement was incorporated into the divorce decree. We explained:
 The divorce decree lays out three specific terminating events for spousal support. Mr. Palmieri's retirement is not one of them. At the time of the divorce, Mr. Palmieri could have negotiated a provision regarding modification or termination of spousal support upon retirement. He was less than ten years from retirement age at the time of the divorce. He did not do so and cannot now ask the court to relieve him of his choice. A court cannot base modification on a change that was contemplated at the time of the divorce.
Id. at ¶ 19.
 {¶ 59} In Sharp v. Sharp (Mar. 30, 1995), Franklin App. No. 94APF08-1152, the parties divorced by agreed judgment entry after 37 years of marriage. Four years later, the husband moved to terminate or modify spousal support on the basis of his retirement. *Page 22 
We affirmed the trial court's refusal to find a change of circumstances, finding no error in the trial court's conclusion that:
 "The mere fact that Plaintiff may have to make the monthly spousal support payment using a portion of his monthly pension, does not conclusively establish that both parties intended the spousal support payments to terminate upon retirement of the Plaintiff. The court would note, however, that the parties did provide for termination upon death or cohabitation, and * * * Plaintiff was cognizant of the fact that he would be retiring when he entered into the agreed entry. Furthermore, a spousal support termination date is so case-specific in nature, that it would be highly unlikely that the parties would leave such a provision, if intended, out of the Agreed Entry."
Id., 1995 Ohio App. LEXIS 1312, at *11.
 {¶ 60} In Eitel v. Eitel (Aug. 30, 1994), Franklin App. No. 93APF12-1745, the parties ended their 41-year marriage by agreed judgment entry when the husband was 62 years old. Four years later, he retired and filed a motion to modify the spousal support award. We affirmed the trial court's denial of the motion, noting that, "plaintiff was sixty-two at the time he entered into the agreed divorce decree * * * At that age, retirement is at least a consideration. Nonetheless, plaintiff agreed to pay defendant $1,650 per month in spousal support until her death or her remarriage, whichever occurs first." Id., 1994 Ohio App. LEXIS 3816, at *11.[4] *Page 23 
 {¶ 61} The rationale of the foregoing cases applies with equal force here. The parties agreed upon specific terminating events, none of which involve retirement, despite the fact that when they divorced, appellant was merely three years from his 30-year retirement eligibility date. Moreover, though appellant seeks chiropractic treatment for back pain, he also stated that he has suffered from such back pain and treated with his chiropractor for the past ten years, while continuing to work as a truck driver; therefore, his back pain does not constitute an unforeseen circumstance bearing upon his decision to retire. On these facts I cannot conclude that the parties did not contemplate appellant's retirement at the time of the prior order. Accordingly, I would affirm the trial court's denial of the motion to modify spousal support. Because the majority has determined otherwise, I respectfully dissent from the analysis and disposition of the first assignment of error. In all other respects, I concur.
[4] See, also, Reveal v. Reveal, 154 Ohio App.3d 758, 2003-Ohio-5335,798 N.E.2d 1132 (wife's increase in income due to commencement of receipt of retirement benefits 15 years after divorce did not justify a reduction for change in circumstances where retirement was contemplated at the time of the decree and husband could have stipulated a reduction in spousal support upon wife's receipt of retirement benefits); cf.Birath v. Birath (Dec. 21, 2000), Franklin App. No. 00AP-604, discretionary appeal not allowed, 91 Ohio St.3d 1509, 746 N.E.2d 612
(court of appeals reversed finding of change of circumstances 20 years after divorce, holding, inter alia, emancipation of minor children must have been contemplated at the time of the divorce and was not included as a modifying or terminating event, though remarriage and death were specified as terminating events). *Page 1