[Cite as *Mees v. Mees*, 2014-Ohio-2613.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

RUTH C. MEES,                          :          APPEAL NO. C-130459
                                                 TRIAL NO. DR-1001597
    Plaintiff-Appellant,          :
                                                 *O P I N I O N.*
vs.                                    :

HOWARD L. MEES,                        :

    Defendant-Appellee,           :

  and                              :

MEES DISTRIBUTORS, INC., et al.,       :

    Defendants.                   :


Appeal From: Hamilton County Court of Common Pleas, Domestic Relations
                Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  June 18, 2014


*Barbara J. Howard Co., LPA, Barbara J. Howard* and *Sarah C. Sanderson*, for
Plaintiff-Appellant,


*Graydon Head and Ritchey, LLP, Allyson T. Cook* and *John J. Kropp,* for
Defendant-Appellee.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    By statute, a property division provided for in a divorce decree is not subject to future modification by a court "except upon the express written consent or agreement to the modification by both spouses." R.C. 3105.171(I).  The divorce decree in this case incorporated an agreed property settlement that granted "continuing jurisdiction" to the domestic relations court over matters set forth in the agreement.  We are asked to determine whether this general clause granting "continuing jurisdiction" was sufficient to overcome the statutory prohibition on post-decree modifications.  We conclude that it was not because the parties did not agree to the requested modification itself.  Therefore, we affirm the judgment below.

I.

{¶2}    Ruth and Howard Mees were divorced on June 26, 2012.  The divorce decree incorporated an entry styled "Agreed Entry Property Issues" detailing a property settlement reached by the parties.  Pursuant to that agreement, the parties were required to dispose of certain assets, including their interest in two closely-held companies—Mees Distributors, Inc., and HLH, L.L.C.—and all commercial real estate.  Additionally, the agreement mandated that the parties attempt to obtain the consent of the other owners to sell the businesses outright.  Attorney David Kamp was appointed to effectuate the sale and distribute the assets.  The property agreement further provided that Ruth and Howard would each pay one-half of Mr. Kamp's fees.

{¶3}    Howard did not comply with much of the court's order.  He refused to accommodate Mr. Kamp in his efforts to sell the businesses and real estate, and the total amount owed to Mr. Kamp increased significantly as a result of the delay.  Ruth filed a motion "for contempt, for an accounting and audit, to modify the property settlement,

for Civ.R. 60(B) relief and for attorney fees." Specifically, Ruth asked the court to hold Howard in contempt for failing to pay his portion of a cell-tower lease, transfer real estate into the names of both parties jointly, pay Ruth's medical bills, and cooperate with Mr. Kamp's efforts to sell the parties' car collection. With regard to Mr. Kamp's fees, Ruth requested that the court modify the property agreement to authorize Mr. Kamp to allocate the cost of his services to the parties as he deemed equitable.

{¶4}    After a hearing, the court found the testimony "overwhelming" that Howard had "imposed roadblocks to accomplishing sale of the parties' business" and "interfered with the implementation of the Court's order[.]"    The court issued a contempt order to force Howard's compliance, and ordered him to pay Ruth $20,000 in attorney fees. The court concluded, however, that it had no authority to modify the fee provision in the property agreement. Ruth now appeals only that portion of the court's decision pertaining to the requested modification.

II.

{¶5}    R.C. 3105.171 governs the distribution of marital property pursuant to a divorce decree. With regard to the modification of a property division, that section provides: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court *except upon the express written consent or agreement to the modification by both spouses.*" (Emphasis added.) R.C. 3105.171(I). Paragraph 23 of the parties' property agreement states, in its entirety: "The Court shall have continuing jurisdiction over this matter and the matters set forth in this Agreed Entry." Ruth contends that the "continuing jurisdiction" language in Paragraph 23 constitutes "express written consent * * * to the modification," thereby satisfying the requirements of R.C. 3105.171(I).

{¶6}   Underlying Ruth's argument is an assumption that the parties could, through appropriate language, authorize a court to make undefined, post-decree modifications to a property division.  But that understanding is at odds with the statutory language.  By its terms, the statute requires express consent "to the modification."  The article is important here.  The legislature did not merely insist that the parties authorize the court *to modify* the agreement.  Instead, it required consent *to the modification*.  The use of the word "the" makes it crystal clear that the parties must agree to the actual modification itself.  In this case, the proposed modification was the change in the fee-splitting arrangement.  Nowhere did the parties consent in writing to that change.

{¶7}   Ruth argues that the court relied upon an older version of the statute, which had prevented any modification at all to a property award.  Indeed, the statute was amended in 2010 to add the language "except upon the express written consent or agreement to the modification by both spouses."  *See* 2009 Am.Sub.H.B. No. 238.  But as we explain above, even if the court applied the wrong version of the statute—and we are reluctant to assume that it did—under the version currently in place, the court could not have modified the property division.

{¶8}   Ruth also looks for support in a case dealing with spousal support, *McHenry v. McHenry*, 2d Dist. Montgomery No. 20345, 2004-Ohio-4047.  But spousal support is a completely different matter.  The spousal-support statute provides that that the court "does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless * * * [the decree or separation agreement] contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."  R.C. 3105.18(E).  If anything, this differential treatment of spousal support by the legislature reinforces our conclusion that, in the property-division

4

context, it is "the modification" itself to which the parties must consent before a post-decree modification may be made.

{¶9}   Once the statute is read under its plain terms, this is a simple case. The statute requires the express consent of both parties to the modification—here, the change in the fee structure. One party—Howard—obviously won't consent. So the court can't modify the agreement. Whatever the parties may have said about "continuing jurisdiction" doesn't matter, because they didn't expressly consent to the change in the fee-splitting arrangement.

III.

{¶10}   Because the parties did not expressly consent to the reallocation of Mr. Kamp's fees, we find that the trial court was not authorized to modify that portion of the agreement. Therefore, we affirm the judgment below.

Judgment affirmed.

**DINKELACKER, J.,** concurs.
**HENDON, P.J.,** dissents.

**HENDON, P.J.,** dissenting.

{¶11}   I respectfully dissent. I believe that the language in Paragraph 23 of the property agreement granting the court "continuing jurisdiction over * * * the matters set forth in this Agreed Entry" was sufficient to satisfy the requirements of R.C. 3105.171(I). Any other conclusion would render that provision of the parties' contract meaningless. I would, therefore, hold that the court retained jurisdiction to modify the terms of the property agreement, and remand the cause to permit the court to modify the agreement within its discretion.

Please note:

The court has recorded its own entry on the date of the release of this opinion.