[Cite as *Shannon v. Shannon*, 2016-Ohio-3089.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| WANDA J. SHANNON | : |
| | : Appellate Case No. 26918 |
| Plaintiff-Appellant | : |
| | : Trial Court Case No. 10-LS-23 |
| v. | : |
| | : (Civil Appeal from Common Pleas |
| ROBERT L. SHANNON | :   Court, Domestic Relations) |
| | : |
| Defendant-Appellee | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of May, 2016.

. . . . . . . . . . .

JOSEPH P. MOORE, Atty. Reg. No. 0014362, and BRIAN D. HUELSMAN, Atty. Reg. No. 0055444, Moore & Associates, 262 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
        Attorneys for Plaintiff-Appellant

JASON E. TREHERNE, Atty. Reg. No. 0074141, 212 West National Road, Post Office Box 175, Englewood, Ohio 45322
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, J.

        {¶ 1} Plaintiff-appellant Wanda Shannon appeals from an order of the Montgomery

County Common Pleas Court, Division of Domestic Relations, reducing the amount of

spousal support paid to her by defendant-appellee Robert Shannon. Ms. Shannon contends that the trial court did not properly consider Mr. Shannon's severance pay when it considered his request for a reduction in his obligation.

{¶ 2} We conclude that the trial court did abuse its discretion by modifying the amount of spousal support. Accordingly, the order of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

## I. Factual Background

{¶ 3} The parties were married in 1986. They were divorced on August 15, 2011. The Final Judgment and Decree of Divorce required Mr. Shannon to pay to Ms. Shannon the sum of $600 per month for a term of 96 months. The trial court retained continuing jurisdiction as to the amount, but not the duration, of the award.

{¶ 4} Mr. Shannon was laid off from his employment on November 5, 2014. The next day, he moved to modify spousal support. He withdrew the motion, but again moved to modify on March 31, 2015.

{¶ 5} At the time of the divorce, Mr. Shannon was employed by Norgren IMI Company earning $46,080 per year. Ms. Shannon was also employed, earning approximately $25,700 per year. When Mr. Shannon's employment was terminated in November 2014, he was given severance pay in the sum of $27,737. He also received seven weeks of unemployment benefits, totaling $2,870. He became employed at a new company on February 23, 2015, earning $31,500 per year. His monthly expenses are $1,307.50. He remained current on his support obligations during the pendency of the action below. At the time of the hearing, Ms. Shannon was earning $27,694.33. Her

monthly expenses were $3,034, with an additional monthly medical expense of $487.

{¶ 6} The magistrate reduced the spousal support obligation to $200 per month, effective June 1, 2015. Ms. Shannon filed objections, which were overruled by the trial court. Ms. Shannon appeals.

### II. A 10% Reduction in Mr. Shannon's 2015 Income Does Not Justify a Reduction in 2015 Spousal Support of Almost 39%

{¶ 7} Ms. Shannon's sole assignment of error states as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE IT UPHELD THE MAGISTRATE'S DECISION FINDING THAT SPOUSAL SUPPORT SHOULD BE MODIFIED AND FAILING TO CONSIDER APPELLEE'S SEVERANCE PAY AS INCOME FOR THE YEAR AND IT WAS AN ABUSE OF DISCRETION.

{¶ 8} Ms. Shannon contends that the trial court erred because it did not factor the severance pay and unemployment benefits received by Mr. Shannon when calculating his 2015 income. She argues that when these amounts are properly considered, Mr. Shannon's income for 2015 totals $52,000. Thus, she argues that because this amount is larger than his income at the time of the divorce, a modification is unwarranted.

{¶ 9} A trial court has the authority to modify the amount of spousal support if the court determines that "the circumstances of either party have changed," and the decree contains a provision authorizing the court to modify the amount or terms of spousal support. R.C. 3105.18(E). A change of circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living

expenses, or medical expenses, or other changed circumstances * * *." R.C. 3105.18(F)(1). "The change must be one that is substantial and not contemplated at the time of the prior order." *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 706, 676 N.E.2d 1249 (2d Dist. 1996). "The burden of showing that a reduction of spousal support is warranted is on the party who seeks the reduction." *Reveal v. Reveal*, 154 Ohio App.3d 758, 2003-Ohio-5335, 798 N.E.2d 1132, ¶ 14.

{¶ 10} Trial courts are granted broad discretion concerning awards of spousal support, and their orders will not be disturbed by an appellate court absent an abuse of that discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983). The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary or unconscionable. *Id.*, at 219.

{¶ 11} The trial court found that Mr. Shannon experienced a substantial change in circumstances when he was involuntarily terminated from his employment, and that the change was not contemplated at the time of the divorce. The court found that it was equitable to reduce the support amount to be effective after the expiration of his severance pay and unemployment compensation. The court found that his severance package amounted to approximately six months of wages. Thus, the trial court made the effective date for the reduction June 1, 2015.

{¶ 12} We disagree with the trial court's finding that the total of the severance and unemployment benefits ($27,736.80 in severance pay plus $2,870 in unemployment benefits, totaling $30,606.80) is the equivalent of six months of Mr. Shannon's salary with his former employer. We conclude that it is the equivalent of almost eight months of that salary ($46,080 divided by twelve months equals $3,840 per month; $30,606.80 divided

by $3,840 is the equivalent of 7.97 months of pay at his former rate).

{¶ 13} Mr. Shannon became unemployed on November 5, 2014, and remained so for roughly four months. During that time, he continued to pay his original spousal support obligation. He became re-employed on February 23, 2015, and began receiving an annual salary of $31,500. Thus, his total income for 2015 is $41,610 ($31,500 minus January and February 2015 pay of $5,250 equals $26,250; plus four months of severance/unemployment in the sum of $15,360).

{¶ 14} Mr. Shannon's income will decrease by slightly more than 30% once the severance pay is exhausted. However, for 2015, his total income decreased by less than 10%. Thus, his change in income for 2015 is not sufficient to justify reducing Ms. Shannon's 2015 spousal support by almost 39%.[1]

{¶ 15} Accordingly, we conclude that the trial court abused its discretion by reducing spousal support for 2015 to the extent that it did. The sole assignment of error is sustained.

### III. Conclusion

{¶ 16} The sole assignment of error having been sustained, the order of the trial court from which this appeal is taken is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

---

[1] Five monthly payments of $600 ($3,000) plus seven monthly payments of $200 ($1,400), for a total of $4,400, as compared to $7,200 in 2014 (12 monthly payments of $600), a reduction in the amount of 38.9%.

FROELICH, J., and WELBAUM, J., concur.

.

Copies mailed to:

Joseph P. Moore
Brian D. Huelsman
Jason E. Treherne
Hon. Timothy D. Wood