[Cite as *Nguyen v. Vo*, 2016-Ohio-7802.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TAM NGUYEN | : | |
| | : | Appellate Case No. 27161 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-DR-887 |
| v. | : | |
| | : | (Domestic Relations Appeal from |
| SON VO | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2016.

. . . . . . . . . .

JEFFREY R. McQUISTON, Atty. Reg. No. 0027605, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

KERI E. FARLEY, Atty. Reg. No. 0076881, Cordell & Cordell L.L.P., 4031 Colonel Glenn Highway, Beavercreek, Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Son Vo appeals from a judgment and decree of divorce entered by the Montgomery County Common Pleas Court, Division of Domestic

Relations.   Vo contends that the trial court abused its discretion in ordering him to pay spousal support, and by ordering him to provide health insurance for the parties' minor child.   He also contends that the trial court erred by adopting the parties' agreement as to the division of property, which was read into the record during the final hearing.

{¶ 2} We conclude that the trial court neither abused its discretion with regard to spousal support, nor by adopting the settlement agreement.   However, we conclude that the trial court did abuse its discretion with regard to health insurance coverage. Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings.

## I. The Course of Proceedings

{¶ 3} Son Vo and Tam Nguyen were married in Vietnam in 1987.   They have one unemancipated child, born in 2000, as a result of the marriage.   Nguyen brought this action for divorce in 2014.   Vo filed an answer and counterclaim.   The matter proceeded to a hearing in April 2016.

{¶ 4} During the hearing, the parties, who do not speak English, communicated through separate interpreters.   They agreed that Nguyen would be the custodian of the minor child.   They also agreed that the mobile home that had been the marital residence would be awarded to Nguyen.   The home had a value of $17,030.   In exchange, Nguyen agreed to pay Vo the sum of $1,000, and to forgive Vo's arrearages of $3,800 for unpaid support and $350 in attorney fees that had been awarded prior to the hearing.   The parties agreed that Vo would be awarded his retirement account, valued at $2,100.   The parties stipulated that personal property had been distributed.   Vo was awarded a 2008

Toyota, which was not given a value, and Nguyen was awarded a joint bank account, which was not given a value.

{¶ 5} The parties were asked whether this constituted their agreement, and whether they approved the agreement. Both indicated that they understood the agreement, and that they approved its terms.

{¶ 6} The trial court then heard testimony regarding spousal and child support. The evidence demonstrated that Vo is employed by Honeywell, and earns an annual salary of $22,559. Nguyen's annual income is $13,900. The trial court ordered Vo to pay spousal support in the amount of $225 per month for a period of ten years. The trial court further ordered Vo to pay child support in the amount of $193 per month. Vo was also ordered to pay for health insurance coverage for the child. It was stipulated at trial that the marginal cost for providing the health insurance for the child was $189 per month.

{¶ 7} Vo appeals.

## II. The Trial Court Did Not Abuse its Discretion in
## Ordering Spousal Support

{¶ 8} Vo's First Assignment of Error states as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MAKING ITS SPOUSAL SUPPORT ORDER.

{¶ 9} Vo contends that the trial court, in its order setting spousal support, did not consider the relevant statutory factors applicable to him. Specifically, he argues that he received approximately $10,000 less in the division of the parties' property than Nguyen. He further argues that the trial court did not consider the amount he was ordered to pay

Nguyen in child support. He also contends that the trial court did not consider the relevant tax consequences, or the fact that Nguyen receives income in the form of aid in expenses from her oldest child.

{¶ 10} Trial courts have broad discretion regarding spousal support orders, and absent an abuse of that discretion, an appellate court will not disturb the trial court's decision. *Reveal v. Reveal*, 154 Ohio App.3d 758, 2003-Ohio-5335, 798 N.E.2d 1132, ¶ 14 (2d Dist.). A trial court abuses its discretion when the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} The court's exercise of discretion is governed by R.C. 3105.18, which mandates that the court consider all of the relevant factors in that statute when making awards of spousal support. The court must evaluate the evidence with regard to each applicable factor, then weigh the need for support against the ability to pay. *Fletcher v. Fletcher*, 2d Dist. Montgomery No. 12942, 1992 WL 206646 (Aug. 24, 1992). R.C. 3105.18(C)(1) requires the court to determine whether support is appropriate and reasonable, and, if support is warranted, its nature, amount, terms of payment, and duration.

{¶ 12} Vo first argues that the trial court did not take into account the division of property in this case. He claims that Nguyen received $10,000 more in assets. However, the record does not support this claim.

{¶ 13} Nguyen received the mobile home valued at $17,030. Vo's share of that home is $8,515. Nguyen paid Vo $1,000, and forgave arrearages and attorney fees in the sum of $4,150. She also ceded her half-interest in his pension, which amounts to

$1,050.

{¶ 14} Thus, Vo essentially received all but $2,315 of his half of the mobile home. However, that amount does not take into account the vehicle Vo received, or the bank account that Nguyen received. It is possible that with the car and the bank account factored in, Nguyen received more or less than the $2,315 figure. Thus, we cannot conclude, upon this record, that Nguyen actually received more in assets. In any event, we cannot determine that the trial court failed to consider the property division when determining spousal support. Nor can we conclude that the property division is inequitable.

{¶ 15} Vo next complains that the trial court did not consider his uncontroverted testimony that he suffers chronic back pain, and that he incurs medical costs of $1,600 to $3,200 per year for injections for the back and $216 per year in prescription costs. Vo did not present testimony or evidence that he incurs any out-of-pocket costs for the injections. The only testimony regarding out-of-pocket cost related to the $216 he pays for his prescriptions, as well as the $25 co-pay for doctor visits. Nothing in this record suggests that the trial court ignored the testimony regarding these medical expenses.

{¶ 16} Vo also contends that the trial court did not take into account his child support obligation, or the parties' relative tax liabilities, when determining spousal support. However, those issues were brought up during the hearing, and there is nothing to support Vo's claim that the trial court ignored these matters. Indeed, Vo's spousal support obligation was appropriately deducted from his income in the child support worksheet, and was added to Nguyen's income.

{¶ 17} The marriage was of almost 30 years duration. At the time of the hearing,

Nguyen was 56 years old, and Vo was 57. Vo is employed by Honeywell, and Nguyen works babysitting for a family. She testified that the fact she does not speak English hampers her ability to seek other employment. The record shows that Vo has an annual income of $22,559, while Nguyen's annual income is $13,900; a difference of $8,659. The amount of spousal support ordered, $2,700 per year, lowers Vo's income to $19,859, and raises Nguyen's annual income to $16,600.

{¶ 18} We conclude that the trial court did not abuse its discretion either in awarding spousal support or in the amount of support ordered. Accordingly, the First Assignment of Error is overruled.

### III. The Record Does Not Support Vo's Claim that he Did Not Understand that he Was Agreeing to a Specified Division of Property

{¶ 19} Vo asserts the following for his Second Assignment of Error:

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ADOPTED THE PARTIES' PURPORTED AGREEMENT.

{¶ 20} Vo contends that the parties, who do not speak English and required interpreters at the hearing, "exhibited confusion at different times during the hearing, tending to show that neither party understood the proceedings, or knew to what they were agreeing." He argues that the record demonstrates that he believed that the parties agreed that he would not be obligated to pay child support, and that had he known he would be required to pay spousal support, he would not have agreed to the property division. He argues that the parties should have been given more time to understand what was occurring.

{¶ 21} A review of the transcript of the hearing does indicate that the parties had some difficulty communicating during the hearing. However, during a colloquy with Vo, the trial court made it clear that the court would decide the issue of spousal support, and that the property agreement was separate from that issue. The record demonstrates that although Vo continued to insist that he would not agree to pay spousal support, he did agree to the property settlement.

{¶ 22} This divorce action was filed in September 2014. The hearing was conducted on April 26, 2016. The parties had ample time to reach an agreement. There is no indication that the parties were rushed through the hearing, or that the trial court denied them the opportunity to confer with counsel. Thus, we find no error.

## IV. The Trial Court Erred by Ordering Vo to Provide Health Insurance for the Child Costing More than 5% of his Gross Income without Making the Findings Required by R.C. 3119.301(A)(2)

{¶ 23} Vo's Third Assignment of Error provides:

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT ORDERED APPELLANT TO PROVIDE HEALTH INSURANCE FOR THE CHILD.

{¶ 24} Vo contends that the trial court erred by ordering him to provide health insurance for the child because the cost of that insurance exceeds 5% of his annual income. Nguyen argues that the trial court acted properly, because Vo agreed to provide

the insurance.

**{¶ 25}** Pursuant to R.C. 3119.30, a trial court must determine whether there is health insurance coverage available to either parent. The trial court must also determine whether that coverage is reasonable. The cost is not reasonable if it exceeds 5% of the obligor's annual gross income. R.C. 3119.28(8). When the cost exceeds the 5% threshold, a court may still order the obligor to obtain health insurance coverage if: (1) the parents agree; (2) the obligor volunteers; or (3) the court finds that it is in the best interest of the child, and does not impose an undue financial burden. R.C. 3119.301(A)(2). If the court orders the provision of health insurance coverage as being in the child's best interest, and as not imposing an undue financial burden, it must make those findings on the record. *Id.*

**{¶ 26}** In this case, there is no dispute that the cost of obtaining health insurance for the child exceeds 5% of Vo's gross income. Nguyen contends that Vo agreed to the payment. She cites the following statement made by her attorney when reading the parties' agreement into the record: "The parties have agreed that the marginal out-of-pocket cost necessary to provide health insurance for the child, which health insurance is available through the defendant/father's employment amounts to $2,268."

**{¶ 27}** We disagree. The statement by Nguyen's counsel does not constitute an agreement that Vo will pay for insurance, but merely that the parties agreed that the cost of obtaining that insurance exceeded the 5% threshold. The trial court did not make the findings required by R.C. 3119.301(A)(2)(c) for the imposition of the order.

**{¶ 28}** Because the cost of the health insurance exceeded the amount deemed reasonable under the statute, the trial court was required to make certain findings prior to

ordering Vo to obtain coverage. The trial court erred by ordering Vo to provide the coverage without having made the necessary findings. We make no determination as to whether the evidence in this record would support findings required under R.C. 3119.301(A)(2)(c).

**{¶ 29}** Vo's Third Assignment of Error is sustained.

## V. Conclusion

**{¶ 30}** Vo's First and Second Assignments of Error having been overruled, and his Third Assignment of Error having been sustained, that part of the judgment of the trial requiring Vo to provide health insurance for the child is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., and HALL, J., concur.

Copies mailed to:

Jeffrey McQuiston
Keri E. Farley
Hon. Denise L. Cross