[Cite as *Young v. Young*, 2012-Ohio-5310.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

LINDA J. YOUNG                                  :

    Plaintiff-Appellee                      :        C.A. CASE NO.    2012 CA 1

v.                                              :        T.C. NO.    00DIV58401

EVAN C. YOUNG                                   :        (Civil appeal from Common
                                                         Pleas Court, Domestic Relations)

    Defendant-Appellant                     :

                                                :

     . . . . . . . . . .

**O P I N I O N**

Rendered on the ____16th____ day of ____November____, 2012.

     . . . . . . . . . .

JODELLE N. STRANGES, Atty. Reg. No. 0074240, 163 N. Sandusky Street, Suite 103, Delaware, Ohio 43015
     Attorney for Plaintiff-Appellee

CHARLES D. LOWE, Atty. Reg. No. 0033209, 42 Woodcroft Trail, Suite D, Beavercreek, Ohio 45430
     Attorney for Defendant-Appellant

     . . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Defendant-appellant Evan C. Young appeals from a judgment of the Darke County Court of Common Pleas, which reduced Dr. Young's spousal support obligation

from $3,750 to $2,000 per month. Dr. Young claims that the trial court erred in failing to terminate his spousal support obligation or, alternatively, to further reduce his spousal support obligation. For the following reasons, we will affirm the trial court's judgment.

{¶ 2} In May 2001, Evan and Linda Young divorced after 37 years of marriage. At the time of the divorce, Ms. Young was 62 years old and Dr. Young was 61 years old. Dr. Young was a practicing orthopaedic surgeon who was the sole shareholder in Darke County Orthopedics Assocation, Inc. Ms. Young had not been employed outside the home since early in their marriage.

{¶ 3} Among other provisions, the parties' divorce decree ordered Dr. Young to pay spousal support of $5,500 per month, beginning on May 1, 2001 and continuing for 13 years. The judgment noted that this obligation was based upon Dr. Young's annual income from employment of $268,680 and Ms. Young's lack of any income from employment. With respect to the trial court's continuing jurisdiction, the judgment stated:

> The Court shall retain jurisdiction as to the amount, but not as to the duration of spousal support. Notwithstanding the foregoing, spousal support is subject to modification in the event of changes of circumstances, which include but is not limited to a change in Husband's income as a result of decreases in reimbursement from third party payers or Husband's inability to continue to work the same hours that he presently does by reason of any deterioration of his health.

{¶ 4} The parties' marital property, including Dr. Young's substantial retirement assets, were divided equally between the parties. Most notably, at the time of trial, the total

value of the Darke County Orthopedics Association, Inc. Pension Plan was approximately $952,000, and the value of the Darke County Orthopedics Association, Inc. Profit Sharing Plan was approximately $512,000.

{¶ 5} In September 2003, Dr. Young filed a motion to reduce his spousal support obligation, citing a substantial decrease in his personal income between 2000 and the beginning of 2003. The parties agreed to modify Dr. Young's obligation from $5,500 to $3,750 per month, effective December 1, 2003. The agreed order indicated that the modification was based on a decrease in Dr. Young's income from $268,580 per year as of January 2001 to an estimated annual income of $159,750 for 2003, as projected by Dr. Young's accountant.

{¶ 6} In July 2011, Dr. Young filed a motion to terminate or reduce spousal support. Dr. Young stated that he had retired on March 31, 2011, that he had deteriorating health, and that his current income was $51,800 per year. Ms. Young subsequently filed a motion for contempt, asserting that Dr. Young had failed to pay spousal support since June 30, 2011.

{¶ 7} A hearing on both motions was held before a magistrate on November 7, 2011. Both parties testified regarding their income, investments, and assets. In addition, the parties presented numerous documentary exhibits concerning the history of Dr. Young's income since 2005 and the current value of his investments and assets. After considering the evidence, the magistrate found the following facts:

> Dr. Young's present motion was filed as a result of his retirement
> from the practice of medicine. Dr. Young is an orthopaedic surgeon. He

developed a tremor that caused a reduction in his surgical skills. His patients were experiencing more complications in the last few years than in the rest of his practice. He also developed cardiac problems (tachycardia), which make surgery a risk.

Ms. Young has assets of $599,728. Her income, exclusive of spousal support, consists of Social Security benefits of $11,520 and an IRA distribution of $26,400, for an annual income of $37,920. With the current spousal support order she has an annual income of $82,187. She reports expenses of $4,476, which includes quarterly tax payments. She lives alone. She has a cottage in Michigan which she estimates to be worth $125,000. It was her separate asset, and she intends to keep it for the parties' children.

Dr. Young also has approximately $600,000 left from the distribution of the marital assets, and he has accumulated an additional $15,000 in stocks. His monthly income consists of $2,028 from Social Security as well as asset distributions of $1,086.74 and $1,125, for an annual income of $50,877. His current wife earns approximately $50,000 per year, so they have a combined household income in excess of $100,000. He reports expenses of $2,902 per month, plus credit card and entertainment expenses. Those expenses do not include taxes or food, but do include life insurance premiums of $685 and investments of $200.

Shortly after the spousal support obligation was reduced in 2003 Dr. Young changed jobs. In 2005 he began working at a hospital in Carson City

Michigan. His income for that and the next several years is not specifically known, but it seems reasonable to assume that it was in excess of what he was making at the time of the divorce. In 2008 he had a base pay of $350,000 from that employer and earned an additional $70,426 covering for another surgeon. His wife earned $58,212 that year, for total household income of $478,450. In 2009 he earned $355,129 and his wife earned $62,845. In 2010 he earned $350,000 plus withdrew $21,600 from his IRA, and his wife earned $55,835, for total household income of $427,435. In essence, he personally had income in excess of $1,125,000 in the three years before he retired, and apparently invested in only $15,000 worth of stock, despite his knowledge that his health was deteriorating and that he had a spousal support obligation to his former wife that would last until 2014.

Both parties are seventy-two years old. The parties were married for thirty-seven years. Ms. Young has not worked outside the home since the parties were first married. Both parties are at an age where they have mandatory withdrawals from their IRA's.

{¶ 8}     The magistrate concluded that a change of circumstances had occurred and that Dr. Young's spousal support obligation should be reduced to $2,000 per month, effective July 14, 2011. The magistrate rejected Dr. Young's request that spousal support be terminated. The magistrate noted that Dr. Young had remarried, and although "it is not his wife's responsibility to pay his spousal support, he does have someone with whom to share expenses and his household income is in excess of $100,000."

{¶ 9}    The magistrate further found Dr. Young to be in contempt for failing to pay spousal support, but granted him the opportunity to purge the contempt by "resuming monthly payments of $2,000" per month.   The magistrate awarded $300 in attorney fees to Ms. Young and assessed costs to Dr. Young.

{¶ 10}    Dr. Young filed objections to the magistrate's decision.   In February 2012, the trial court adopted "the facts and conclusions of the Magistrate as well as the decision of the Magistrate," and made the magistrate's decision an order of the trial court.   The trial court stated that "[s]ignificant in the Court's perspective is the ability of the Defendant [Dr. Young] to meet his financial obligations through assets and the express agreement for spousal support to be paid for 13 years."

{¶ 11}    Dr. Young appeals from the trial court's judgment.   His sole assignment of error states:

THE TRIAL COURT'S FAILURE TO TERMINATE SPOUSAL SUPPORT WAS AN ABUSE OF DISCRETION AS WAS ITS LOWERING OF HUSBAND'S SPOUSAL SUPPORT BY ONLY $1,750 PER MONTH.

{¶ 12}    Dr. Young claims that the trial court abused its discretion in failing to terminate spousal support and by failing to reduce his spousal support obligation to an amount less than $2,000 per month.   Dr. Young states that the $2,000 per month obligation results in Ms. Young's income "being more than twice that of" Dr. Young.

{¶ 13}    A trial court has the authority to modify the amount of spousal support if the court determines that "the circumstances of either party have changed" and that the divorce decree contains a provision authorizing the court to modify the amount or terms of

spousal support. R.C. 3105.18(E); *Allread v. Allread*, 2d Dist. Darke No. 2010 CA 6, 2011-Ohio-1271, ¶ 19. A change of circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change of circumstances must be "substantial" and cannot have been contemplated and taken into account by the parties or the court at the time of the original decree. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 32-33.

{¶ 14} If a substantial change in circumstances has occurred, the trial court must examine the existing order in light of the changed circumstances, considering whether spousal support is still appropriate and reasonable and, if so, in what amount. *Norbut v. Norbut*, 2d Dist. Greene No. 2006-CA-112, 2007-Ohio-2966, ¶ 15. When deciding whether the existing order should be modified, a trial court must consider all relevant factors, including those listed in R.C. 3105.18(C). *Id.* In this case, the relevant factors include (1) the income of the parties from all sources, (2) the parties' relative earning abilities, (3) the ages and physical, mental, and emotional conditions of the parties, (4) the retirement benefits of the parties, (5) the duration of the marriage, (6) the standard of living established during the marriage, (7) the parties' relative assets and liabilities, and (8) any other factor that is relevant and equitable. *See* R.C. 3105.18(C).

{¶ 15} The person seeking a reduction of spousal support bears the burden of showing that the reduction is warranted. *Reveal v. Reveal*, 154 Ohio App.3d 758, 2003-Ohio-5335, 798 N.E.2d 1132, ¶ 14 (2d Dist.).

{¶ 16} Trial courts have broad discretion regarding spousal support orders.

Accordingly, an appellate court ordinarily will not disturb those orders absent an abuse of discretion. *Reveal* at ¶ 14. A trial court abuses its discretion when the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} Dr. Young contends that the trial court abused its discretion when it ordered him to pay $2,000 in spousal support per month. He states that his post-retirement annual income consists of Social Security income of $2,028 per month, an annuity payment of $1,125 per month, and a distribution from an investment of $1,086.74 per month, totaling $50,876 per year. In comparison, Ms. Young's annual income (exclusive of spousal support) is $37,920, consisting of Social Security benefits of $11,520 and an IRA distribution of $26,400. Dr. Young emphasizes that his post-retirement income is only $12,956 greater than Ms. Young's and, thus, a monthly spousal support payment of $2,000 results in Ms. Young's annual income being $61,920, whereas his annual income is reduced to $26,876.

{¶ 18} At the outset, we find no abuse of discretion in the court's decision not to terminate Dr. Young's spousal support obligation. The divorce decree ordered Dr. Young to pay spousal support for 13 years, and the trial court explicitly retained jurisdiction over the amount, but not the duration, of spousal support. Moreover, as discussed more fully below, the trial court reasonably concluded that Dr. Young had the financial means to pay spousal support until May 2014. Therefore, the principal issue is whether the trial court abused its discretion in failing to reduce Dr. Young's spousal support obligation to an amount less than $2,000.

{¶ 19}   In our view, the trial court did not act unreasonably when it ordered Dr. Young to pay $2,000 per month in spousal support.   The magistrate heard testimony that Ms. Young has monthly expenses of $4,476.02.   Dr. Young reported monthly expenses of $2,902; that amount excluded food and tax payments, but included $564.91 (for 12 months) for a hearing aid, $25 for Habitat for Humanity, and $200 for investments/savings.   Ms. Young testified that she receives $960 per month from Social Security, whereas Dr. Young receives $2,028.   Both Dr. Young and Ms. Young indicated that the remainder of their income (excluding Ms. Young's spousal support) comes from retirement payments of approximately $26,000 per year (approximately $2170 per month).   Both Dr. Young and Ms. Young had assets from the divorce that were presently valued at approximately $600,000.   Thus, the testimony reflected that the parties received similar income from their retirement accounts, which had approximately the same current value, but that Dr. Young received approximately $1,069 more per month from Social Security and had living expenses that were $1,574 less than Ms. Young's ($2,363 less if the hearing aid, donation, and savings were excluded from Dr. Young's expenses).   In addition, Ms. Young's monthly expenses exceeded her income by more than $1,300.

{¶ 20}   Ms. Young has not remarried and lives alone.   Dr. Young has remarried, and his wife is employed as a nurse, earning between $50,000 and $60,000 per year. "While a new spouse's income cannot be considered in determining an obligor's ability to pay spousal support, the court may consider the fact that the obligor directly benefits from sharing living expenses with his new wife." *Preseren v. Preseren*, 8th Dist. Cuyahoga No. 96431, 2011-Ohio-5181, ¶ 16.   The trial court reasonably considered that Ms. Young was fully responsible for the payment of her expenses, whereas Dr. Young and his current wife

had a combined income of $100,000 from which to pay their living expenses.

{¶ 21} The record further reflects – and the magistrate found significant – that Dr. Young earned substantially more than $159,750 per year between 2005 and 2011, at which time he was paying $3,750 per month in spousal support. Dr. Young earned in excess of $350,000 for several years during that period. As stated above, the magistrate found that Dr. Young "personally had income in excess of $1,125,000 in the three years before he retired, and apparently invested in only $15,000 worth of stock, despite his knowledge that his health was deteriorating and that he had a spousal support obligation to his former wife that would last until 2014." Dr. Young acknowledged that he did not notify Ms. Young about the increase in his income. Although Ms. Young testified that she elected not to ask the court to reconsider spousal support, there was no evidence that Ms. Young knew how much Dr. Young was earning in Michigan, nor was there evidence about when, if ever, she learned this information.

{¶ 22} Dr. Young testified that he had accumulated $120,000 in debt between 2000 and 2005, and that he used his increased income toward paying off that debt. When questioned about the debt, however, Dr. Young stated that the $120,000 was used to "buy things." Dr. Young explained that he "had to rent an apartment for a while, bought a house, sold a house, had to furnish things. We went on some trips." The magistrate's decision did not directly address this debt, but it is apparent that the magistrate believed that Dr. Young should have set aside additional funds between 2005 and 2011, knowing that he had a spousal support obligation until May 2014.

{¶ 23} The magistrate heard additional testimony about the parties' other assets.

For example, Ms. Young has a cottage in Michigan, which she valued at approximately $125,000. Dr. Young owns a time share valued at $10,600 and has purchased stock valued at $15,000. Dr. Young also has $40,000 equity in a home that he purchased with his current wife and a checking account with $83,000, half of which belongs to his current wife.

{¶ 24} Considering all of the evidence, the trial court did not abuse its discretion when it determined that Dr. Young had the financial ability to pay spousal support of $2,000 per month. Dr. Young's monthly income exceeds his reported monthly expenses, and he benefits from an ability to share his living expenses with his current wife, who is presently employed. For several years before his retirement, Dr. Young enjoyed a substantially increased income while purchasing only $15,000 worth of stock. Ms. Young's monthly living expenses exceed her income (exclusive of spousal support) by more than $1,300. Moreover, the parties were married for 37 years, they are now in their 70s, and Ms. Young has not worked since the parties were first married. The trial court reasonably concluded that Dr. Young should pay and has sufficient assets from which to pay monthly spousal support of $2,000 until May 2014.

{¶ 25} The assignment of error is overruled.

{¶ 26} The trial court's judgment is affirmed.

. . . . . . . . . .

HALL, J., concurs.

GRADY, P.J., dissenting:

{¶ 27} In a divorce action, the court lacks jurisdiction to modify the amount or terms of a prior order for spousal support unless the circumstances of either party have

changed and the "decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C. 3105.18(E)(1). A change of circumstances includes "any increase or involuntary decrease in the party's wages, salary, bonuses, living expense, or medical expenses." R.C. 3105.18(F).

{¶ 28} Dr. Young's age and the deterioration in his health required him to retire from his practice as an orthopedic surgeon on March 31, 2011, and his income was involuntarily reduced as a result. The domestic relations court found that the reduction constitutes a change of circumstances for purposes of R.C. 3105.18(F). Furthermore, a deterioration in his health is a circumstance which, should it occur, the Decree of Divorce provides would permit the court to modify Dr. Young's spousal support obligation.

{¶ 29} Upon a finding of a change of circumstances, a court that has "reserved jurisdiction" to modify its spousal support order must weigh the applicable R.C. 3105.18(C)(1) factors to determine whether to continue spousal support and, if the court does, the amount and terms of spousal support to order. In the present case, the court did not reserve jurisdiction to modify the duration of its 15-year spousal support order, which was one of its "terms." The court did reserve jurisdiction to modify the amount of spousal support Dr. Young must pay during those years.

{¶ 30} Both parties own financial assets worth approximately $500,000.00. Since his retirement, Dr. Young's direct annual income from all sources is $50,877.00. Linda J. Young's direct annual income from all sources is $37,920.00. By ordering Dr. Young to pay spousal support in the amount of $2,000.00 per month, or $24,000.00 per year, the court effectively reduced the amount of his income available to him to meet his needs to

$26,877.00 and increased Linda J. Young's income to $61,920.00.

{¶ 31}    The magistrate found that Linda J. Young has monthly living expenses of $4,476.00 or $53,712.00 per year.   That exceeds her own annual income of $37,920.00 by $15,792.00.   The court nevertheless ordered Dr. Young to pay $24,000.00 per year to Linda J. Young as and for spousal support.   That order reduces Dr. Young's available annual income to 43% of Linda J. Young's annual income after she receives the spousal support the court ordered Dr. Young to pay.

{¶ 32}    The trial court relied on three findings to support the ordered disparity. The first is that during the years 2005 through 2009, Dr. Young's annual income increased to $350,000.00.   In that event, had Linda J. Young wanted a greater amount of support, she could have asked for a modification.   She did not, and acknowledged that was her voluntary choice.   (Tr. 52).   Her failure to seek an increase is not chargeable to Dr. Young.

{¶ 33}    The second finding on which the court relied is that Dr. Young has financial assets from which he can withdraw the amount of spousal support he owes.   But, Linda J. Young's financial assets are approximately equal in amount and are likewise available to her.

{¶ 34}    The third finding on which the court relied is that Dr. Young's current wife has an income of $50,000.00 per year which can be applied to their shared living expenses. However, the income or assets of a third person is not a factor that R.C. 3105.18(C)(1) directs the court to consider.

{¶ 35}    In truth, the primary factor supporting the $2,000.00 per month spousal support the court ordered is the amount of its prior support orders; $5,500.00 at the time of

the divorce and $3,750.00 per month two years later. But, the amount of any prior order is not a factor that R.C. 3105.18(C)(1) directs the court to consider. Further, the circumstances that supported those prior support orders no longer exist due to the change in Dr. Young's income.

{¶ 36}   A spousal support order that reduces the obligor's available income after support is paid to an amount substantially lower than the resulting income of the obligee is, when their available assets are approximately the same, and absent a showing of some compelling need of the obligee, an abuse of discretion. On this record, there is no special circumstance to support the vast disparity in the parties' respective income after spousal support is paid. I would reverse and remand to determine what lesser amount of spousal support Dr. Young should be ordered to pay.

. . . . . . . . . .

Copies mailed to:

Jodelle N. Stranges
Charles D. Lowe
Hon. Jonathan P. Hein